UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-05303-CAS-JPRx | Date | August 5, 2014 |
|---|---|---|---|
| Title | GREAT WESTERN CAPITAL, LLC V. NICKLAUS SEWARD ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| N/A | | N/A | |

**Proceedings:**     **(In Chambers:)** ORDER REMANDING CASE **(JS-6)**

On August 21, 2013, plaintiff Great Western Capital, LLC, filed this unlawful detainer action against pro se defendants Nicklaus Seward and Avis Copelin in Los Angeles County Superior Court. Defendants removed the case to this Court on July 9, 2014, asserting that this Court has jurisdiction on the basis of a federal question. Dkt. 1. The notice of removal asserts that a federal question exists because defendant Copelin filed a bankruptcy petition on September 10, 2013, and plaintiff's efforts to evict Copelin therefore violate the automatic stay. On July 18, 2014, the Court ordered defendants to show cause why this case should not be remanded to Los Angeles County Superior Court. On August 4, 2014, defendants filed a response to the order to show cause.

The Court concludes that it lacks subject matter jurisdiction over this action. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007). Here, the only claim asserted by plaintiff is for unlawful detainer against defendant. See Dkt. 1. Accordingly, the Court concludes that this court lacks federal question jurisdiction.

Moreover, to the extent that plaintiff asserts that this court has jurisdiction because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-05303-CAS-JPRx | Date | August 5, 2014 |
|---|---|---|---|
| Title | GREAT WESTERN CAPITAL, LLC V. NICKLAUS SEWARD ET AL. | | |

this case is "related to" his bankruptcy case, that argument fails as well. The notice of removal indicates that defendant Copelin previously removed this case to the bankruptcy court on March 21, 2014. Dkt. 1 ¶ 8. The bankruptcy court then remanded this case to state court on June 20, 2014. Id. The bankruptcy court's order remanding this case to state court precludes defendant from removing the case to this court. See Andersen v. Schwan Food Co., 2014 WL 1266785, at *4-*5 (C.D. Cal. Mar. 26, 2014).

    Accordingly, the Court hereby REMANDS this case to Los Angeles County Superior Court. Plaintiff's pending ex parte application to remand, dkt. 7, is hereby DENIED as moot.

    IT IS SO ORDERED.

:

Initials of Preparer